RECEIVED
NOV 14 2018
AT ~~8:00~~ 4:26 PM
WILLIAM T. WALSH
CLERK



United States Attorney
District of New Jersey

Nicholas P. Grippo
Assistant United States Attorney

970 Broad Street
Newark, New Jersey 07102

(973) 645-2700

November 5, 2018

The Honorable Peter G. Sheridan
United States District Judge
Clarkson S. Fisher Building
  and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

*oral argument will be heard on 11/19/18 at 1:30 P.M. Britt shall participate by telephone*

Re:   United States v. Robert Britt
      Crim. No. 16-403

SO ORDERED: *Peter M Sheridan*
DATED: 11/13/18

Dear Judge Sheridan:

Please accept this letter in lieu of a more formal submission in opposition to defendant Robert Britt's motion for return of certain computers, electronic devices and other items (the "Subject Property") that law enforcement seized in March 2014 from premises in Toms River, New Jersey (the "Toms River Premises") and Freehold, New Jersey (the "Freehold Premises"). (Dkt. No. 315). The Court should deny Britt's motion because Britt has not established that he has a viable ownership or possessory interest in the Subject Property and, as a result, he lacks standing to seek relief under Rule 41(g).

By way of brief background, Britt was initially charged by criminal complaint along with over twenty other defendants on March 26, 2014 in connection with a large-scale heroin distribution conspiracy. (Dkt. No. 1). At the time, Britt was serving a sentence for a separate state narcotics conviction in Bayside State Prison. On March 27, 2014, law enforcement executed search warrants at multiple locations as part of a coordinated series of arrests and related investigative actions, including searches of the Toms River and Freehold Premises. Britt pled guilty to conspiracy to distribute heroin on July 10, 2017 and on December 5, 2017, this Court sentenced him to twelve years' imprisonment. (Dkt. No. 311).

The investigation revealed that, during the time period of the conspiracy, Britt's co-conspirators operated a music recording studio at the Toms River Premises and that they sold heroin from that location. The Freehold Premises was the residential address of one of Britt's co-conspirators. At the time of the searches of these locations in March 2014, Britt was incarcerated and was neither an occupant nor owner of either location. While law enforcement uncovered evidence during the investigation suggesting that Britt had some role in the operation of the recording studio at the Toms River Premises prior to his incarceration, it is unclear who owned or leased the premises at the time of the search, or who owned the electronic devices located inside. Britt does not address this issue at all in his motion. He also does not address what, if any, ownership or possessory interest he has in the property seized from his co-conspirator's residence (the Freehold Premises).

Since a Rule 41(g) claimant "must allege 'a colorable ownership, possessory or security interest in at least a portion of the defendant property' to satisfy the standing requirements," Britt's claims as currently presented fail. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (quoting *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir.1998)). *See also United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999) (noting that "*the person from whom the property was seized* is presumed to have a right to its return") (emphasis added). Britt has not even alleged, let alone established, a sufficient ownership or possessory interest in the property he seeks.

Finally, Britt's motion also seeks the return of a cell phone that was seized from his cell at Bayside State Prison in March 2014. As described in detail in the criminal complaint (Dkt. No. 1, at 15-19), Britt used that contraband cell phone from his prison cell to facilitate the unlawful drug distribution activities of his co-conspirators. Since that phone is contraband that law enforcement lawfully seized, Britt is not entitled to it back under Rule 41(g). *See U.S. v. Colon*, 2013 WL 5755086 (M.D. Pa. Oct. 22, 2013) ("[A] Rule 41(g) motion will generally be denied if the defendant is not entitled to lawful possession of the seized property, *the property is contraband*, or the government's need for the property as evidence continues.") (emphasis added).

Accordingly, the Court should deny Britt's motion.

Respectfully,
CRAIG CARPENITO
United States Attorney

/s/ *Nicholas P. Grippo*

BY: NICHOLAS P. GRIPPO
J. BRENDAN DAY
Assistant United States Attorneys

cc: Alyssa Cimino, Esq. (via ECF and email)