# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Robert Britt,<br><br>        Defendant. | Civil Action No.<br>3:16-cr-403 (PGS)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on two motions filed by Defendant Robert Britt: (1) a motion for disclosure of grand jury transcripts, ballot or record for inspection, indictment and criminal complaint and (2) a motion to compel. The two motions seek essentially the same relief – grand jury material and other discovery. Defendant has already pled guilty, been sentenced, and been convicted. Further, he currently has a motion filed under 28 U.S.C. § 2255 pending in this Court. For the reasons stated herein, Defendant's motions are denied.

## FACTS

On March 26, 2014, Defendant was charged with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. (Complaint, ECF No. 1). At the time the complaint was filed, Defendant was incarcerated in state prison. On September 8, 2016, a federal grand jury returned an indictment, charging Defendant with one count of conspiracy to distribute and possess with intent to distribute, one hundred grams or more of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846. (Indictment, ECF No. 288). On July 10, 2017,

Defendant pled guilty to the one count of the indictment, entering into a plea agreement. (ECF No. 306). On November 14, 2018, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence, which is currently pending, claiming that his counsel was constitutionally ineffective. (*See Britt v. United States*, 18-16357).

## LEGAL ANALYSIS

The decision to grant or deny a motion for grand jury materials is a matter within the discretion of the trial court. *United States v. McDowell*, 888 F.3d 285, 289 (3d Cir. 1989). "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *Id.* "To support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy." *Id.*

Defendant's motion fails for several reasons:

- He has failed to provide the Court with any compelling reason to disclose grand jury material.

- The indictment and other matters sought are matters of public record, are on the docket, and – accepting the Government's proffer at oral argument – have been provided to Defendant,

- The public interest in secrecy outweighs any need Defendant might have for the grand jury material.

- Discovery motions are not properly made after a case has been closed. *See United States v. Banks*, 670 Fed. App'x 749, 750 (3d Cir. 2016).

- Any discovery is properly sought in Defendant's habeas case, which is currently pending.

## ORDER

This matter comes before the Court on two motions filed by Defendant, which seek essentially the same relief: (1) a motion for disclosure of grand jury transcripts, ballot or record for inspection, indictment, and criminal complaint, (ECF No. 326), and (2) a motion to compel, (ECF No. 328). The Court has considered the written submissions of the parties and held oral argument on the matter on August 13, 2019. Accordingly, for the reasons stated on the record on August 13, 2019 and for good cause shown;

IT IS on this 19 day of ~~August~~ Sept., 2019;

**ORDERED** that Defendant's motion for disclosure (ECF No. 326) is denied; and it is further

**ORDERED** that Defendant's motion to compel (ECF No. 328) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.