# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>ROBERT BRITT<br><br>*Defendant*. | Crim. Action No.: 3:16-cr-00403<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on Defendant Robert Britt's ("Defendant" or "Britt") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Moving Br., ECF No. 352). The Court heard oral argument on September 8, 2021. For the reasons that follow, Defendant's motion for compassionate release is denied.

I.

Britt was arrested on drug trafficking charges in March 2014. (Warrant, ECF No. 2; Order of Detention, ECF No. 77; Moving Br. at 10). At the time, he was already incarcerated in New Jersey and had been since around April 2013. (Presentence Investigation Report ("PSR") ¶¶33). Britt's drug distribution charges stem from his management of a heroin distribution ring, which began as early as July 2010 and continued while he was in state custody. (PSR ¶¶33, 56-64, 161, 182). This was not Britt's first drug trafficking offense; from 1991 to 2013, Britt was convicted on five separate occasions of various drug trafficking charges. (PSR ¶¶193-203).

In July 2017, he pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (Judgment at 1-2; Plea Agreement 2, ECF No. 306). During the sentencing hearing, the Court determined that Britt's criminal history category

was VI, he was classified as a career offender, and he "occupied an aggravating role in connection with the conspiracy as a manager or supervisor." (Sent'g Transcript ("Tr."), ECF No. at 18:13-17, 19:7-11). In light of those facts, and in accordance with the plea agreement, the Court sentenced Britt to 144-months of imprisonment. (Tr. at 19:17 – 20:12).

Britt is currently incarcerated at FCI Allenwood. When he moved for compassionate release, he was temporarily incarcerated at the Essex County Correctional Facility in Newark, New Jersey so that he could easily proceed with other matters before the Court. Britt's projected release date is February 25, 2028, but if he successfully completes the RDAP program, he may be eligible for release one year earlier. (Moving Br. at 2).

In July 2021, Britt moved for compassionate release on the grounds that his diabetes, obesity, and hypertension increase his risk of severe illness from COVID-19, and that the conditions at his facility make it difficult for him manage his weight and protect himself from the virus. (Moving Br. at 2-5). At the time Britt filed his motion, 15 inmates at his facility had recently tested positive for COVID-19[1]. (*Id.* at 5). He also asserts that, if given credit for his 3½ years of pretrial detention[2], he has served more than seven years of his sentence, which he argues is sufficient to achieve the Court's sentencing goals. (*Id.* at 10). If released, he plans to live with his mother in Neptune, New Jersey, and work at a nearby non-profit. (*Id.* at 11; *see also id.* Ex. A22).

The United States opposes the motion. (Opp. Br., ECF No. 353). It argues that Britt's past periods of incarceration have not deterred his repeated criminal activity (*id.* at 2, 15);); BOP has taken extensive measures to curtail the spread of the virus among inmates, (*id.* at 3-4); and

---

[1] The government advised that as of yesterday. FCC Allenwood had zero COVID-19 cases among inmates and one among staff as of August 8, 2021, (id. at 13); and that the COVID-19 vaccine is widely available within BOP facilities, (id. at 9, 13).
[2] The Court declines to do so because that time was associated with a prior state conviction.

2

Britt's 144-month sentence was below the applicable guideline range of 188 to 235 months, (*id.* at 15).

II.

Here, Britt has exhausted his administrative remedies; and both parties acknowledge Britt's health conditions (obesity, diabetes and hypertension) constitute "extraordinary and compelling reasons."

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the sentencing factors (18 U.S.C. § 3553(a)) do not weigh in favor of the defendant's release. *See, e.g.*, *U.S. v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020). Here, the § 3553(a) sentencing factors weigh against granting the requested relief. Britt's crime was serious and took place over the course of several years, and he boldly engaged in drug trafficking while in prison (Judgment at 1). In addition, his extensive criminal history as well as his managerial or supervisory role in the offense do not present any reason to modify the sentence. The Court finds that general and specific deterrence – as well as protection of the public – are important sentencing objectives that would not be served by releasing Britt at this time.

ORDER

THIS MATTER having come before the Court on Defendant Robert Britt's Motion for Compassionate Release, (ECF No. 352); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 10th day of September, 2021,

ORDERED that Defendant's motion for compassionate release, (ECF No. 352), is denied.

                                                                    s/*Peter G. Sheridan*
                                                                    PETER G. SHERIDAN, U.S.D.J.