UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>ROBERT BRITT<br><br>*Defendant*. | Crim. Action No.: 3:16-cr-00403<br><br>**MEMORANDUM<br>AND ORDER DENYING<br>RECONSIDERATION** |

This matter comes before the Court on Defendant Robert Britt's ("Defendant" or "Britt") *pro se* motion for reconsideration of this Court's September 10, 2022 order denying Britt compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 356). The Court heard oral argument on February 2, 2022. For the reasons that follow, Defendant's motion for reconsideration is denied.

The facts and procedural history of this case are summarized in the September 10, 2021 order of this Court denying compassionate release, (ECF No. 355), and are incorporated here by reference. This Court denied compassionate release on the grounds that the sentencing factors under 18 U.S.C. § 3553(a) weighed against such relief because even though Britt had satisfied the other criteria. Specifically, the Court held:

> Britt's crime was serious and took place over the course of several years, and he boldly engaged in drug trafficking while in prison. In addition, his extensive criminal history as well as his managerial or supervisory role in the offense do not present any reason to modify the sentence. The Court finds that general and specific deterrence – as well as protection of the public – are important sentencing objectives that would not be served by releasing Britt at this time.

(Order of Sept. 10, 2021 at 3) (citations omitted).

I.

In a motion for reconsideration, "[t]he movant has the burden of demonstrating either: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (alteration in original) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Reconsideration is not appropriate where the moving party raises an issue for the first time, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), or simply disagrees with the court's initial decision, *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Johnson v. Berryhill*, No. CV 17-2490 (JMV), 2019 WL 78786 (D.N.J. Jan. 2, 2019).  "A motion for reconsideration is not a vehicle to reargue the motion[.]  Because reconsideration is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly." *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014) (internal quotation marks omitted).

Here, Britt points no intervening change in the law, new evidence, or clear error that the Court made.  Rather, Britt disagrees with the Court's analysis of the 3553(a) factors.  (Motion for Reconsideration 5-7, ECF No. 356).  As such, reconsideration is inappropriate.  *Florham Park Chevron*, 680 F. Supp. at 162.  While Britt contends that the prison where he is incarcerated is more dangerous now because of higher COVID-19 transmission rates, the Court considered Britt's risk of contracting COVID-19 in the September 10, 2021 order.  (Order of Sept. 10, 2021 at 2-3).  Britt submits the Court overlooked his completion of reentry programs, (Motion for Reconsideration at 8), but Britt did not argue this point in his Motion for Compassionate Release, *see* (Motion for Compassionate Release, ECF No. 352).

Additionally, Britt raises several new arguments not previously raised, (Motion for Reconsideration at 4-5, 7-8), which the Court need not consider, *Bowers*, 130 F. Supp. 2d at 613, but will address for the sake of completeness. Res judicata did not preclude the Court from considering Britt's crime in denying compassionate release; res judicata merely precludes previously decided claims from being relitigated and does not preclude the facts underlying a criminal conviction from being considered in other proceedings. *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009). Britt argues that he is innocent despite pleading guilty under oath, (ECF No. 307), and that he suffered ineffective assistance of counsel, but such a claim is appropriate for a petition for habeas relief. *United States v. Smith*, 634 Fed. Appx. 371, 375 (3d Cir. 2015). Britt submits his confinement constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution, which sounds like a civil rights action that must be brought in a separate civil suit.

At oral argument, Britt noted that one of his co-defendants, Kenneth Greenhow, was granted compassionate release in December 2020. *See United States v. Greenhow*, No. 15-221, 2020 WL 7384721 (D.N.J. Dec. 16, 2020). The Greenhow matter is distinguishable from Britt. At the time of Greenhow's release, he was within six months of his anticipated release date; but COVID issues delayed completion of his RDAP treatment, and his release date. Due to his rehabilitation progress, compassionate release was granted. Such facts are not present in Britt's case.

**IT IS** on this 22nd day of February, 2022;

**ORDERED** that the motion for reconsideration is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

3